IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HO KEUNG TSE,

    Plaintiff,

  v.

APPLE INC. et al.,

    Defendants.

No. C 06-06573 SBA
**ORDER**
[Docket No. 78]

Before the Court is defendants Apple Inc., MusicMatch, Inc., Napster, Inc., RealNetworks, Inc. and Sony Connect Inc.'s (collectively "Defendants") Motion to Stay Proceedings Pending Reexamination of U.S. Patent No. 6,665,797 [Docket No. 78]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. For the reasons that follow, the Court GRANTS Defendants' motion.

## BACKGROUND

Plaintiff Ho Keung Tse filed the initial complaint in this matter in the District of Maryland on August 5, 2005, alleging that all Defendants infringe U.S. Patent No. 6,665,797 ("the '797 patent"). Defendants' motion to transfer the case to this Court was granted on October 20, 2006. The Court held an Initial Case Management Conference and entered a Scheduling Order on January 25, 2007. Docket No. 41.

Tse served Preliminary Infringement Contentions under Patent Local Rule 3-1 on February 23, 2007. Defendants objected to these as inadequate and ultimately moved to strike them on April 17, 2007.

Docket No. 54. In response, Tse stipulated to a stay of all scheduled claim construction proceedings pending resolution of the dispute over his Preliminary Infringement Contentions. *See* Docket No. 64. Before that dispute was resolved, on July 24, 2007, Defendants filed a Request for Ex Parte Reexamination of the '797 patent with the United States Patent and Trademark Office (the "Request for Reexamination"). Hung Decl., Ex. C. On July 25, 2007, Defendants filed the instant motion to stay all proceedings pending the outcome of their Request for Reexamination.

## LEGAL STANDARDS

Reexamination is a procedure by which any person can request that the U.S. Patent and Trademark Office ("PTO") reexamine or reevaluate the patentability of an unexpired United States patent. *See* 35 U.S.C. § 302; *see also Broadcast Innovation, L.L.C. v. Charter Commc'ns., Inc.*, 2006 WL 1897165, at *1 (D. Colo. 2006). "Congress instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO. Patent validity is a commonly asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D.D.C. 2002) (citations omitted).

Courts are not required to stay judicial proceedings pending re-examination of a patent; it is, however, within a district court's discretion to do so. *See, e.g., Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination." (citations omitted)); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1110 (N.D. Cal. 2006). There is "a liberal policy in favor of granting motions to stay proceedings pending the outcome" of reexamination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994); *see also Robert H. Harris Co. v. Metal Mfg. Co.*, 19 U.S.P.Q. 2d 1786, 1788 (E.D. Ark. 1991) ("[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays").

In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See Telemac*, 450 F. Supp. 2d at 1110; *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *2 (N.D. Cal. 2006); *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005).

A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery. *See, e.g., KLA-Tencor*, 2006 WL 708661, at *2 (fact that "discovery ha[d] just begun" favored stay pending reexamination). In light of the "liberal policy" favoring stays pending reexamination, a court can grant a stay even if the Patent Office is still considering whether to grant a party's reexamination request. *See, e.g., ASCII*, 844 F. Supp. at 1381 (granting stay based on party's contemplated filing for reexamination)*; Hewlett-Packard Co. v. Acuson Corp.*, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993) (granting stay before Patent Office had granted reexamination request).

A trial court's order staying an infringement suit pending the completion of re-examination proceedings is not appealable. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 935 (1983).

## ANALYSIS

Defendants contend that reexamination will likely invalidate or narrow the asserted claims of the '797 patent, thereby mooting or simplifying the issues in this case. Defendants further note that none of the parties has served discovery, none of the parties has noticed or taken any depositions, no claim construction proposals or briefing have taken place, and no dispositive motions have been filed. Tse opposes the stay arguing that it is not in the interest of efficiency to stay these proceedings, that the reexamination is unlikely to result in any change to the claims of the patent at issue, that Defendants delayed in filing the Request for Reexamination, and that he will "suffer[] financial losses which are

1 incalculable and can only be minimized if a final adjudication can be obtained from the court swiftly."
2 Pl.'s 2nd[1] Opp'n Br. at 10.

### 1. Stage of Litigation

This litigation is still in its nascent stages. Discovery has opened, but has not proceeded in any material way. Apart from plaintiff's Preliminary Infringement Contentions, the sufficiency of which is still disputed by Defendants, the parties have not advanced discovery in this case at all. Indeed, Tse has not even served the Initial Disclosures required under Federal Rule of Civil Procedure 26(a), and the parties have not served any written discovery and have not noticed or taken any depositions. The parties also have not exchanged any proposed claim construction terms or supporting materials under the Patent Local Rules. No dispositive motions have been submitted, no briefing on claim construction has been filed, and no *Markman* hearing date or trial date has been set.

Plaintiff's characterization of this case as being at a "late stage," *see* Pl.'s 2nd Opp'n Br. at 8, is not well taken. To the contrary, nothing substantive beyond preliminary infringement contentions has been exchanged. Moreover, to the extent that there has been any delay in these proceedings, they appear to have been occasioned by Tse's own stipulation to stay various claim construction dates. *See* Docket No. 64. The present case does not present the sort of difficulties noted in *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005), where a motion to stay was filed after a *Markman* hearing and only six months prior to trial.

This factor clearly favors a stay. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal. Jan. 13, 1995) (granting stay where discovery had commenced, but not proceeded significantly); *ASCII*, 844 F. Supp. at 1381 (granting stay where the parties had undertaken little or no discovery).

---

[1] Tse inexplicably filed two opposition briefs - one timely, and one "supplemental," filed three days after the deadline set by the Local Rules. *See* Docket Nos. 91 & 92.

### 2. Simplification of the Issues for Trial

Should the PTO find the asserted claims of the '797 patent invalid, this action will be rendered moot. *See* 35 U.S.C. § 307(a). Moreover, if the reexamination proceeding should narrow any of the asserted claims of the '797 patent, the scope of this litigation may be significantly simplified. Statistically, it is quite likely that the reexamination process will alter the patent claims at issue in some respect. Ninety-one percent of requests for reexaminations are granted, and the PTO cancels all claims in approximately twelve percent of all reexaminations and changes some claims in approximately sixty-four percent. *See KLA-Tencor*, 2006 WL 708661, at *4; *Broadcast Innovation, L.L.C. v. Charter Commc'ns., Inc.*, 2006 WL 1897165, at *8 n.8 (D. Colo. 2006).

Tse offers no cogent argument why staying these proceeding pending the outcome of the reexamination does not foster efficiency or is unlikely to simplify the issues for trial. Other than summarily stating that "the reexamination is highly unlikely to result in any substantial change to the claims of the patent at issue and unlikely to result in any change at all," Pl.'s 2nd Opp'n Br. at 2, which statement is directly contravened by the very statistics above, cited by Tse himself, Tse does not identify any intelligible considerations militating in favor of denying a stay in this case.

Waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims. *See Target Therapeutics*, 33 U.S.P.Q 2d at 2023; *see also Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *2 (D. Del. 2003) (benefits of granting a stay pending re-examination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid); *see also Loffland Bros. Co. v. Mid-Western Energy Corp.*, 225 U.S.P.Q. 886, 887 (W.D. Okla. 1985) (technical expertise provided by the reexamination proceeding, including a final determination by the PTO examiner, is "extremely helpful" to the Court).

Along these same lines, if the PTO finds some or all of the claims of the patent are invalid, the Court will have wasted resources and the parties will have spent funds addressing an invalid claim or

claims if this action goes to trial prior to the re-examination. *See Softview Computer Prods. Corp. v. Haworth, Inc.*, 56 U.S.P.Q. 2d 1633, 1636 (S.D.N.Y. 2000). On the other hand, if the PTO upholds the validity of the re-examined patent, this is strong evidence that a district court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence. *See Custom Accessories, Inc. v. Jeffery-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986); *Broadcast Innovation*, 2006 WL 1897165, at *2 (D. Colo. 2006).

Tse's curious statement that "[a]llowing the present litigation to proceed in parallel with the re-examination . . . will benefit all the parties and the public interest by providing the most comprehensive review of the validity of [the '797 patent]," 2nd Opp'n Br. at 1, simply does not make sense, and is unsupported by both the facts and the impressive surfeit of caselaw favoring stays under similar circumstances. Accordingly, the second factor also weighs in favor of granting a stay.

**3.    Undue Prejudice or Clear Tactical Disadvantage to Nanometrics**

Tse argues that Defendants have requested reexamination as a delay tactic. While, by statute, the PTO is required to conduct re-examination proceedings with "special dispatch," *see* 35 U.S.C. § 305, courts have recognized that the reexamination process may be lengthy. *See, e.g., In re Cygnus Telecomms. Tech. LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (finding that reexaminations generally take from six months to three years). Nevertheless, "[m]ere delay, without more though, does not demonstrate undue prejudice." *Nanometrics*, 2007 WL 627920, at *3. Tse has not proffered any evidence suggesting that Defendants are actually requesting reexamination for the purpose of delay; they filed their request just three months after they served their Preliminary Invalidity Contentions and just two months after the early neutral evaluation session did not result in settlement. There is simply no indication that Defendants have requested reexamination as a dilatory tactic; this is not a case where, for example, a party has requested reexamination only after either an unfavorable ruling by the court or a favorable ruling by the PTO. *See, e.g., Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, 2007 WL 1655625, *6 (N.D. Cal. 2007) (denying stay where party waited until it had had a trial, had litigated motions for judgment as a matter of law and for a new trial on the merits,

and then had a favorable PTO action to request a stay).

The reexamination process is a Congressionally created option of which any person or party may avail themselves. "Any person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art . . . ." 35 U.S.C. § 302. Indeed, "[t]he stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985). The fact that Defendants have employed this statutory option does not in and of itself suggest abuse of it.

Additionally, Tse complains that he will "suffer[] financial losses which are incalculable and can only be minimized if a final adjudication can be obtained from the court swiftly." Pl.'s 2nd Opp'n Br. at 10. However, although Tse appears to argue that monetary damages will be an inadequate remedy, he does not provide any cogent explanation for why this is the case. Somewhat bizarrely, Tse claims that a stay may prejudice his recovery of potential damages from *non-parties* for their alleged patent infringement. In Tse's words: "There are hundreds of thousands of such infringing web businesses in USA [sic], some may last for just a very short time, from a few months to a few years. And once any of them closed down, there may be no viable way to claim back the lost license fees." Pl.'s 2nd Opp'n Br. at 10. However, that allegedly infringing non-parties may go out of business has simply nothing to do with the instant proceedings. Those third parties are not parties to this litigation, nor does Tse explain why he is unable to pursue his claims against them now or how staying this case will deprive him of such claims. Moreover, if as Tse contends, reexamination will not result in any of his claims being cancelled or changed, any potential right to recovery of monetary damages will not be affected by the stay. *See Laitram Corp. v. NEC Corp.*, 163 F.3d 1343, 1346 (Fed. Cir. 1998) (patentee of a reexamined patent is entitled to infringement for the period between the date of issuance of the original claims and the date of issuance of the reexamined claims if the original and reexamined claims are identical).

Accordingly, Tse has not shown that he will be unduly prejudiced or subject to a clear tactical disadvantage if a stay is imposed. *See Broadcast Innovation, L.L.C. v. Charter Commc'ns, Inc.*, 2006 WL 1897165, at *11 (D. Colo. 2006) (finding that where monetary damages are an adequate remedy

7

this factor weighs in favor of staying the case pending reexamination). Defendants' motion should therefore be granted.

## CONCLUSION

Defendants' Motion to Stay Proceedings Pending Reexamination of U.S. Patent No. 6,665,797 [Docket No. 78] is GRANTED. All proceedings before the Court are stayed, including any discovery related to this case. The parties shall update the Court as to the status of the reexamination every 4 months, and the Court is to be notified immediately (i) upon the grant or denial of Defendants' Request for Reexamination and (ii) upon the completion of the reexamination proceedings.

IT IS SO ORDERED.

Dated: 10/4/07

                              Saundra Brown Armstrong
                              United States District Judge