MATTHEW D. POWERS (SBN 104795)
matthew.powers@weil.com
DOUGLAS E. LUMISH (SBN 183863)
doug.lumish@weil.com
JOSEPH H. LEE (SBN 248046)
joseph.lee@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA   94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100


PATRICIA YOUNG (*pro hac vice*)
patricia.young@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007

Attorneys for Defendant
MUSICMATCH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HO KEUNG TSE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>APPLE COMPUTER, INC., et al.,<br><br>　　　　　　Defendants. | Case No. C 06-06573 SBA<br><br>**[PROPOSED] ORDER GRANTING IN PART MUSICMATCH'S MOTION FOR PROTECTIVE ORDER**<br><br>Hearing Date:　April 22, 2008<br>Time:　　　　9:00 a.m.<br>Judge:　　　　The Honorable Elizabeth D. Laporte |

        Having considered the papers and arguments submitted by the parties regarding MusicMatch Inc.'s Motion for Protective Order ("Motion"), THE COURT HEREBY GRANTS IN PART MUSICMATCH'S MOTION AND ORDERS AS FOLLOWS:

        1. By May 1, 2008, MusicMatch shall permit Plaintiff's counsel and/or experts to inspect the MusicMatch servers that were the subject of the Motion and to videotape the inspection. MusicMatch's counsel may be present for the inspection.

        2. MusicMatch shall make a back-up copy of all the software and data on the MusicMatch servers, and shall maintain that copy during the pendency of this action.

        3. MusicMatch shall preserve three of the MusicMatch servers during the pendency of this action ("Preserved Servers"). These three Preserved Servers may be preserved at MusicMatch's, Yahoo!'s, or MusicMatch's counsel's facilities.

        4. After May 1, 2008, and after making the back-up copy described above, MusicMatch is permitted to permanently discard or otherwise dispose of all of the MusicMatch servers other than the three Preserved Servers, including the permanent erasure or destruction of the disk drives and memory that reside on the MusicMatch servers other than the three Preserved Servers.

        5. Notwithstanding the stay of this action, Plaintiff shall be entitled to a one-half day deposition of a MusicMatch employee concerning the following topics: (a) the process a MusicMatch customer or prospective MusicMatch customer would undergo when creating a MusicMatch account or when performing a transaction such as purchasing music files or subscriptions from the MusicMatch Jukebox, Store, or On Demand services ("MusicMatch Services") including the information the customer or prospective customer would enter in this process; (b) the way in which the MusicMatch servers would process this information entered by the customer or prospective customer, including the way the servers would use this information to create accounts and to permit or prevent transactions such as purchasing music files or subscriptions from the MusicMatch Services; (c) the process a MusicMatch customer would undergo and the way the MusicMatch software would function when a MusicMatch customer played or accessed or attempted to play or access a previously purchased file/song; and (d) the

process a MusicMatch customer would undergo and the way the MusicMatch software would function when a MusicMatch customer played or accessed or attempted to play or access a file/song that had been purchased on a different account.

Date:   April 29, 2008



Hon. Elizabeth D. Laporte
United States Magistrate Judge
Judge Elizabeth D. Laporte