IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HO KEUNG TSE,

    Plaintiff,

v.

APPLE INC., et al.,

    Defendants.

No. 06-06573 SBA (EDL)

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND FOR LEAVE TO TAKE WRITTEN DISCOVERY**

In this patent infringement case, Plaintiff alleges that Defendants infringed Plaintiff's patent number 6,665,797 entitled Protection of Software Against Unauthorized Use. Because the '797 patent is undergoing reexamination, this case has been stayed since October 4, 2007. In March 2008, Defendant Musicmatch, a wholly owned subsidiary of Yahoo! that provided music download services on the internet until the services were discontinued in September 2007, sought a protective order permitting it to decommission approximately 300 servers that had hosted the defunct music download services and were costly to maintain. On April 22, 2008, the Court held a hearing on Musicmatch's motion for protective order during which the Court granted the motion in part. Specifically, the Court ordered Musicmatch to permit an inspection of the servers, to preserve three servers, to make a backup copy of the software and data on the servers and to permit a half-day deposition of a Musicmatch employee. On April 24, 2008, as ordered by the Court, Musicmatch filed a proposed order on the motion that had been approved by Plaintiff's counsel. See Declaration of Douglas Lumish Ex. A, B. On April 25, 2008, Plaintiff filed a separate proposed order including several provisions not ordered by the Court. See id. Ex. C. On April 29, 2008, the Court entered

1 Musicmatch's order, which accurately stated the Court's ruling.

2 Meanwhile, on April 22, 2008, Musicmatch's counsel confirmed with Plaintiff's counsel 3 that the court-ordered inspection could take place on April 23, and that the court-ordered deposition 4 could take place on April 25, and that due to the shut down of the music download services, 5 Musicmatch could not demonstrate a client working with the services, but could provide screen 6 shots. See Lumish Decl. Ex. F, G.  On April 22, 2008, Plaintiff's counsel declined to inspect the 7 servers, including through a remote login, on the proposed day or at any time in the future. See id. 8 Ex. F at 2.  The deposition took place on April 25, 2008.  See id. Ex. H.  Musicmatch states that it is 9 in the process of creating a backup of the software and will maintain the three servers as ordered. 10 See Musicmatch's Opp'n at 4.  Accordingly, Musicmatch has complied with the Court's April 29, 11 2008 Order, and Plaintiff has provided no evidence to the contrary.

12 Instead, Plaintiff now moves for sanctions against Musicmatch for violation of the Court's 13 April 29, 2008 Order.  He cites no legal authority for his sanctions request.  Because there is no 14 evidence that Musicmatch violated the Court's order, sanctions are not appropriate under Federal 15 Rule of Civil Procedure 37(b).  The Court assumes that Plaintiff seeks sanctions pursuant to the 16 Court's inherent power, which requires a finding of bad faith.  See Chambers v. Nasco, Inc., 501 17 U.S. 32, 44 (1991).

18 Plaintiff argues that sanctions are appropriate because Musicmatch improperly denied 19 Plaintiff's repeated requests to permit Plaintiff and his counsel to remotely access Musicmatch's 20 online music store functionality.  See Lumish Decl. Ex. E, J, L.  Specifically, Plaintiff would like 21 Musicmatch to arrange an internet inspection of the functionality of the 300 servers by providing an 22 internet link for downloading a Musicmatch Jukebox to be used in Windows XP and VISTA 23 environments and enabling the Jukebox to connect to Musicmatch servers and to access all of the 24 Musicmatch online store functionality, including, but not limited to signing up, signing in, signing 25 off, purchasing music files, subscribing to Musicmatch on demand, allowing music to be played and 26 performing credit card authorization.  See Lumish Decl. Ex. J.  This kind of inspection, however, 27 was not ordered by the Court, so Musicmatch has not violated any court order by not facilitating 28 Plaintiff's desired inspection.  Furthermore, Plaintiff's counsel declined, on Plaintiff's behalf, to

2

conduct the inspection that was ordered. Plaintiff was represented by counsel during this time and so is bound by his attorney's decisions made on Plaintiff's behalf. See, e.g., Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.").

Plaintiff appears to argue that the inspection is necessary so that an expert can examine the system. However, Plaintiff has had numerous opportunities to inspect the system himself or to have an expert do so. Specifically, Musicmatch points out that the internet inspection that Plaintiff describes is the kind of inspection that Plaintiff should have conducted before filing this case pursuant to Rule 11 of the Federal Rules of Civil Procedure. See View Eng'g, Inc. v. Robotic Vision Sys., 208 F.3d 981, 986 (Fed. Cir. 2000) ("Before filing counterclaims of patent infringement, Rule 11, we think, must be interpreted to require the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted."). In addition, Musicmatch also points out that Plaintiff should have conducted an inspection before Plaintiff submitted the preliminary infringement contentions in February 2007. See Lumish Decl. Ex. M. Plaintiff could have done this easily before September 2007 because the user software was publicly available on the internet before the services were discontinued in September 2007. Moreover, Musicmatch states that it provided the software to Plaintiff in April 2007. See Opp'n at n. 5.

Plaintiff has made no showing of bad faith by Musicmatch, let alone a showing that would warrant sanctions pursuant to the Court's inherent power. Accordingly, Plaintiff's motion for sanctions is denied. In addition, the Court notes that Plaintiff has included threats of police intervention or imprisonment in communications with Musicmatch's counsel. See Lumish Decl. Ex. K, L. Plaintiff is cautioned to refrain from such threats of criminal sanctions, which are inappropriate in a civil action like this one.

In his motion for sanctions, Plaintiff also seeks leave to serve interrogatories and requests for production of document. See Pl.'s Mot. at 10. Judge Armstrong, however, has stayed this

1  matter, which includes a stay on discovery.  If Plaintiff wishes to propound discovery, he must seek
2  leave from Judge Armstrong to lift the stay.  Accordingly, Plaintiff's request to serve written
3  discovery is denied.

4  **IT IS SO ORDERED.**

5  Dated: June 12, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge