UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HO KEUNG TSE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC., et al.,<br><br>　　　　　　Defendant. | Case No.   C 06-06573 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO LIFT STAY** |

Before the Court is Plaintiff Ho Keung Tse's ("Plaintiff" or "Tse") Motion to Lift Stay. (Docket No. 144.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**BACKGROUND**

Plaintiff filed the initial complaint in this matter in the District of Maryland on August 5, 2005, alleging that all Defendants infringe U.S. Patent No. 6,665,797 ("the '797 patent"). Defendants' motion to transfer the case to this Court was granted on October 20, 2006. (Docket No. 1.) On October 4, 2007, this Court, upon motion of Defendants, stayed this case pending reexamination of the patent-in-suit. In its stay order, this Court noted that (1) the litigation was in

1   its early stages, (2) the United States Patent and Trademark Office ("PTO") proceedings would
2   simplify issues for trial, and (3) Tse would not be unduly prejudiced by the stay.  *See Tse v. Apple*
3   *Inc.*, 2007 WL 2904279*2 (N.D. Cal. Oct. 4, 2007).

4   During the reexamination, Tse amended his claims and added new claims.  (See
5   Declaration of Francis C. Ho in Support of Defendants' Opposition to Plaintiff's Motion to Lift
6   Stay ("Ho Decl."), Exs. C-K.)  The PTO issued a final Office Action on July 21, 2009, rejecting
7   all claims, except for claim 16, which had been amended.  (See Declaration of Plaintiff in Support
8   of Motion to Lift Stay ("Plaintiff Decl."), Ex. 1.)  On November 10, 2009, Tse appealed to the
9   Board of Patent Appeals and Interferences.  On December 23, 2009, the PTO rejected Tse's
10  appeal brief as non-compliant with its rules.  On January 7, 2010, Tse filed an amended appeal
11  brief attempting to correct his errors.  On March 5, 2010, the PTO again rejected Tse's amended
12  brief as non-compliant.  On March 21, 2010, Tse submitted a second amended appeal brief, which
13  is currently under consideration by the PTO.  (Opp. at 3.)

14  On December 10, 2009, while the reexamination proceeding was pending, Tse sued four
15  third parties in the Eastern District of Texas for infringement of the patent-in-suit.  (Ho Decl., Ex.
16  O.)  On April 5, 2010, one of these third parties filed a second reexamination request on claim 16.
17  (Id., Ex. P.)

18  **LEGAL STANDARDS**

19  A district court has discretion to lift the stay pending reexamination of the patent.  *See*
20  *Canady v. Erbe Elektromedizin GMBH*, 271 F. Supp.2d 64, 74 (D.D.C. 2002).  ("The same court
21  that imposes a stay of litigation has the inherent power and discretion to lift the stay.").  A court
22  may lift the stay if the circumstances supporting the stay have changed such that the stay is no
23  longer appropriate.  *See id.* ("When circumstances have changed such that the Court's reasons for
24  imposing the stay no longer exists or are inappropriate, the court may lift the stay.").

25  In granting the stay pending reexamination, this Court considered: (1) whether discovery
26  was complete and whether a trial date had been set; (2) whether a stay would simplify the issues
27  in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear
28  tactical disadvantage to the non-moving party.  *See Tse*, 2007 WL 2904279*2.

2

A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery. *See, e.g., KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661*2 (fact that "discovery ha[d] just begun" favored stay pending reexamination). A trial court's order staying (or maintaining the stay of) an infringement suit pending the completion of reexamination proceedings is not appealable. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 935 (1983).

## ANALYSIS

Tse moves to lift the stay because he contends that the reexamination will not result in any changes to the claims of the patent-in-suit, that the stay is merely part of the Defendants' dilatory tactics, and that the stay has unduly prejudiced him because, *inter alia*, his "licensing efforts are handicapped by the stay." (Mot. at 20.) Defendants contend that there are no new circumstances that warrant lifting the stay. Specifically, Defendants argue the case is still in its early stages, the reexamination proceeding has simplified and will continue to simplify the case, and that Tse is not prejudiced by the stay. Defendants also argue that the reexamination is still pending and that none of the claims asserted by Tse have been confirmed by the PTO. Defendants further highlight the fact that a second reexamination of claim 16 has been requested by a third party.

### 1.    STAGE OF THE LITIGATION

Tse does not dispute the early status of this case, which has not changed during the stay. As the Court noted when entering the stay, "the parties have not advanced discovery in this case at all." *See Tse*, 2007 WL 2904279*2. Further, that "[n]o dispositive motions have been submitted, no briefing on claim construction has been filed, and no Markman hearing date or trial date has been set." *Id.* Thus, the Court finds that the first factor militates in favor of a stay. See Yodlee, Inc. v. Ablaise Ltd., 2009 WL 112857 *4 (N.D. Cal. Jan. 16, 2009) (Armstrong, J.) ("These related cases are still at an early stage of litigation, and this factor weighs in favor of a stay."); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal. Jan. 13, 1995) (granting stay where discovery had commenced, but not proceeded significantly).

///

///

3

### 2. SIMPLIFICATION OF THE ISSUES AND TRIAL

The second factor examines whether a stay will simplify the issues in question and trial of the case. As this Court has previously observed, "[t]o truly simplify the issues … *the outcome of the reexamination must finally resolve all issues in the litigation*." Yodlee, 2009 WL 112857 *5 (citation and internal quotations omitted, emphasis added). Thus, for example, a stay request is less compelling if the reexamination will not resolve both the affirmative claims alleged in the complaint as well as any counterclaims alleged by the defendant. Id.; see also Tokuyama Corp. v. Vision Dynamics, LLC, 2008 WL 4452118 (N.D. Cal., Oct. 8, 2008) (Armstrong, J.) (denying motion for stay solely on the ground that the reexamination would not resolve all issues in the case).

Here, the reexamination has already simplified issues for trial and could potentially resolve all of the issues in this action, as only claim 16 survived the reexamination. Claim 16, however, was amended by Tse and the PTO has yet to issue a reexamination certificate. "The PTO can reconsider an earlier action until the reexamination is complete and a reexamination certificate is issued. Although a notice of intent indicates the PTO's intent to issue a reexamination certificate, the PTO retains jurisdiction to further review the matter." Panduit Corp. v. Hellermanntyton Corp., 2005 WL 327059*2 (N.D. Ill., February 9, 2005) (citing In re Bass, 314 F.3d 575, 577 (Fed.Cir. 2002). The lack of a reexamination certificate is due to Tse's own decision to appeal to the Board of Patent Appeals and Interferences. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if [any] claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." Target Therapeutics, 33 U.S.P.Q.2d at 2023; see Gould, 705 F.2d at 1342; Pegasus, 2003 WL 21105073, at *1-2 (noting the benefits of granting a stay pending reexamination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid).

Tse's argument that "the reexamination is highly unlikely to result in any further change to the claims of the '797 patent" is unpersuasive. (Mot. at 5.) The Court notes that Tse made this

argument previously in his opposition to the Defendants' original stay motion, but then proceeded to amend the asserted claims and attempted to add additional claims in the reexamination. With asserted claims on appeal and the PTO reexamination certificate yet to issue, the Court is not persuaded that there will be no further changes to the claims of the patent-in-suit.

Therefore, Tse's desire to proceed with claim 16 while the reexamination is pending in this case is unwarranted. As the Court explained in its order granting the stay, and noted above, waiting for the outcome of the reexamination could eliminate the need for trial or facilitate the trial by providing the Court with the opinion of the PTO. *See Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D.D.C. 2002) (citations omitted) ("Congress instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO. Patent validity is a commonly asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation.").[1]

Accordingly, for these reasons, the Court finds the second factor weighs in favor of a stay.

### 3. PREJUDICE AND TACTICAL CONCERNS

Tse argues that the ongoing nature of the reexamination is a result of Defendants' "dilatory tactics." Plaintiff allegations regarding Defendants alleged "dilatory tactics," however, revolve around discovery disputes and are unrelated to the ongoing reexamination proceeding.[2] (See Mot. at 6-18.) Plaintiff draws no logical connection between these discovery issues and the

---

[1] The Court notes that Defendants overemphasize the importance of a second reexamination on claim 16 filed by a third party in Plaintiff's lawsuit initiated in the Eastern District of Texas. There is no reason to believe, as Defendants argue, that the results of a second reexamination on the same claim will result in any further meaningful evidence than that which will be presented by PTO reexamination arising from this case.

[2] To the extent Plaintiff is arguing that the continued stay leads to "spoliation of evidence" in possession of defendant MusicMatch, Inc., the Court has already addressed his concerns and issued a protective order requiring MusicMatch, Inc. to, *inter alia*, create a back-up copy of relevant information. (See Docket No. 115.) Should MusicMatch, Inc. be found to have failed to preserve material evidence to this action, it is within the Court's authority to issue sanctions and, should this matter proceed to trial, instruct the jury that it may draw an adverse inference based on the destruction of any evidence. See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992); In re Napster, Inc. Copyright Litigation, 462 F.Supp.2d 1060, 1078 (N.D.Ca. 2006).

1 alleged prejudice caused by maintaining the stay.  In fact, the parties' pleadings and the record
2 make clear that Plaintiff has prolonged the reexamination proceeding by appealing his rejected
3 claims to the Board of Patent Appeals and Interferences.  Further, Plaintiff himself appears to
4 have contributed to delaying the reexamination proceeding by submitting attempted amendments
5 that were rejected by the PTO for non-compliance with its rules, and by submitting appeal briefs
6 that were twice rejected as defective.
7      Plaintiff also argues that he is prejudiced because his "licensing efforts are handicapped
8 by the stay."  (Mot. at 20.)  Plaintiff argues that he is unable to proceed with his licensing efforts
9 because he does not have a "court decision" of patent infringement that he can use to convince
10 other alleged infringing parties "to pay a small license fee, in fear of a lawsuit." (Mot. at 21.)
11 Plaintiff, however, fails to address the obvious fact that the PTO rejected all but one of his claims
12 and on which the PTO has yet to issue a reexamination certificate.  As noted above, it is possible
13 for the PTO to reject all of Plaintiff's claims in its final reexamination certificate.  Thus, if all of
14 Plaintiff's claims are ultimately rejected, there is simply no basis for Plaintiff to have a "court
15 decision" that will convince other alleged infringing parties to pay him a license fee in fear of a
16 lawsuit because Plaintiff will not have a valid patent to defend.
17      Lastly, insofar as Plaintiff argues the delay inherent in reexamination is itself prejudicial,
18 the Court is not persuaded.  "[T]he prejudice claimed by Plaintiff applies equally to any case
19 where reexamination is sought.  It is for that reason that courts have found that 'delay inherent in
20 the reexamination process does not constitute, by itself, undue prejudice.'"  Esco Corp. v.
21 Berkeley Forge & Tool, Inc., 2009 WL 3078463*3 (N.D. Cal., Sept. 28, 2009) (citations omitted)
22 (Armstrong, J.).  Moreover, Plaintiff ignores that the reexamination process was enacted by
23 Congress to provide certainty in the validity of patent rights and to provide a faster, less
24 expensive remedy than litigation when the validity of a patent is at issue.  Patlex Corp. v.
25 Mossinghoff, 758 F.2d 594, 602 (Fed. Cir. 1985).  In light of such objectives, it is incumbent
26 upon the Court to give serious consideration to continuing the instant stay pending the issuance of
27 the reexamination certificate.  In light of these considerations and the arguments of the parties
28

discussed above, the Court finds that Tse has not shown that he is unduly prejudiced or tactically disadvantaged by the stay. As such, this factor favors maintaining the stay.

In sum, the Court is persuaded that the relevant factors militate in continuing the stay pending the issuance of the reexamination certificate.

### 4. PLAINTIFF'S PROPOSALS

Plaintiff offers two proposals in the event the Court denies his motion. First, Plaintiff asserts that he is willing to withdraw all of his infringement claims against Defendants, except as to claim 16, and that the litigation should be allowed to proceed. Plaintiff premises this proposal on the condition that if the Court finds non-infringement of claim 16, the Court would dismiss the case without prejudice so that Plaintiff could pursue the dismissed claims against Defendants if the PTO subsequently finds them patentable. This proposal is not well founded, as it would lead to multiple actions on the same set of facts, issues and parties and thus waste judicial resources.

Plaintiff's second proposal asserts that he is willing to abandon "all the appealed claims so as to terminate the appeal prematurely, in order to have an early issuance of the reexamination certificate." (Mot. at 24.)   Defendants only argument in opposition is that Plaintiff ignores the second reexamination proceeding on claim 16 stemming from Plaintiff's lawsuit in Texas. As the Court noted above, this argument is unpersuasive, as no evidence has been presented to show that a second reexamination on the same claim would yield any further meaningful evidence. As discussed above, in light of the relevant factors in this case, the Court will lift the stay upon the issuance of the reexamination certificate arising from this action. Should Plaintiff decide to drop his appeal, resulting in the PTO's issuance of its reexamination certificate sooner, the Court shall lift the stay and litigation in this matter shall proceed.

### **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Lift Stay (Docket No. 144) is DENIED. All proceedings before the Court are to remain stayed, including any discovery related

to this case. The parties shall update the Court as to the status of the reexamination every 3 months and shall notify the Court immediately upon the issuance of the reexamination certificate arising from this action.

IT IS SO ORDERED.

Dated: 5/3/10

_____
Saundra B. Armstrong
United States District Judge