FILED

FEB - 5 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HO KEUNG TSE,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE, INC., et al.,<br><br>Defendant. | Case No: C 12-02653 SBA<br><br>**ORDER**<br><br>Docket 76 |

Ho Keung Tse ("Plaintiff") brings this patent infringement action against Apple, Inc. ("Apple" or "Defendant") alleging infringement of U.S. Patent No. 6,665,797 (the " '797 patent"). The parties are presently before the Court on Apple's "Motion to Consolidate Related Cases and Stay." Dkt. 76. Plaintiff opposes the motion. Dkt. 78. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Apple's motion to consolidate and DENIES Apple's motion to stay as MOOT, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b).

I.    **BACKGROUND**

On January 7, 2012, Plaintiff commenced the instant action in the Western District of Wisconsin against Apple[1] alleging infringement of the '797 patent. Compl., Dkt. 1.[2]

---

[1] Ascedia, Inc. was also named as a Defendant but was dismissed without prejudice before the case was transferred to this Court. See Dkt. 29.

[2] The complaint alleges that the '797 patent is "currently under reexamination," and that a "certificate of Reexamination" has not been issued. Compl. ¶¶ 2, 6. According to Plaintiff, if necessary, he will "re-file a Complaint with this Court after issuance of the certificate of Reexamination, and seek to consolidate this action" with the related action, Tse v. Apple, Inc., et al., C 06-06573-SBA. See id. ¶ 6. Notwithstanding the foregoing, Plaintiff opposes Apple's motion to consolidate.

Plaintiff commenced this action to "stop" Apple's infringement of the '797 patent, which is generally directed to the protection of software against unauthorized use or copying.  Id. ¶ 1, Exh. A.  According to Plaintiff, the '797 patent "can be summarized as a method of 'using the existence of the EI sub-program in a computer as a precondition for authorising [sic] use of software products on that computer.' "  Id. ¶ 19.  "[T]he EI program is for authorizing payment from an account of the rightful user of the software products desired to be protected, and in the present invention, it is being used as a token for identity verification only.  No payment is needed to be charged on the account."  Id. ¶ 19.  Plaintiff asserts that the '797 patent is "the cornerstone of Digital Rights Management ("DRM") technologies. . . .  Before it, purchased software [was] generally protected from unauthorized use, by means of a piece of specific hardware, such as a dongle, [which is] not practical for Internet sales."  Id. ¶ 20.

Apple owns and operates a virtual Internet store called an "App Store."  Compl. ¶ 22.  Apple has installed and installs an App Store application program (directly or indirectly through third party manufacturers) in each of its products "('iPod Touches, iPhones and iPads')" before the products are sold to users.  Id. ¶ 23.  The App Store application program allows users of Apple's products to access Apple's Internet servers and create a virtual App Store on the screen of their products.  Id. ¶ 24.  Apple sells application programs ("Apps") through the App Store to users of its products.  Id. ¶ 25.

Apple, through its virtual App Store, has required and requires users to open accounts with Apple, which can be accessed by using an Apple ID and Password.  Compl. ¶ 26.  Once an account holder has purchased an App, he/she can download the same App from Apple's App Store to any Apple product an unlimited number of times without re-purchasing the App.  Id. ¶ 28.  The purchased App can be used on the Apple product used for making the purchase and any other Apple product that is authorized to execute the App.  Id. ¶ 29.

According to Plaintiff, Apple has engaged and is engaging in "making and using [DRM] software and hardware, including . . . servers of its Internet virtual 'App Store' for practicing the methods covered under the claims of the '797 patent. . . ." Compl. ¶ 30. Plaintiff also alleges that Apple has engaged and is engaging in "importing, offering for sale, and selling in the United States, its products . . . with software and hardware for DRM purposes, including . . . the 'App Store' application program installed thereon, for practicing the methods covered under the claims of the '797 patent . . . ." Id. ¶ 31. Plaintiff claims that Apple, by using the '797 patented invention, has successfully built its App Store as one of the greatest Internet businesses, while inflicting irreparable harm to Plaintiff. Id. ¶ 32.

Additionally, Plaintiff alleges that Apple, by using DRM software and methods covered under the claims of the '797 patent, has infringed and is infringing the '797 patent directly, and has induced infringement of the '797 patent by third party developers in the United States. Compl. ¶ 34. Plaintiff further alleges that Apple has solicited and solicits third party developers to submit Apps to its App Store; specifically, Plaintiff asserts that Apple has offered and offers a Software Development Kit to third party developers for developing Apps to be sold exclusively at Apple's App Store and executable only on Apple's products (including but not limited to "iPod Touches, iPhones and iPads"). Id. ¶ 35.

On February 16, 2012, Defendant filed a motion to dismiss the case for lack of subject matter jurisdiction or to transfer the case to the Northern District of California. Dkt. 5. On May 17, 2012, Apple's motion to dismiss or transfer was granted in part and denied in part. Dkt. 29. Apple's motion to dismiss for lack of subject matter jurisdiction was denied, while Apple's motion to transfer this action to the Northern District of California was granted. Id.

On June 13, 2012, the case was reassigned to the undersigned. Dkt. 44. On June 26, 2012, the Court issued an Order finding that the instant action, Tse v. Apple, Inc., et al., C 12-02653-SBA ("Tse II"), is related to an earlier filed action entitled Tse v. Apple, Inc., et

al., C 06-06573-SBA ("Tse I").[3] Dkt. 47.

In Tse I, Plaintiff brought suit against Apple, MusicMatch, Inc., Napster, Inc., RealNetworks, Inc. and Sony Connect Inc. alleging infringement of the '797 patent. See Tse I Compl., Dkt. 1. With respect to Apple, Plaintiff accuses Apple of "making and using [DRM] software and methods covered under the claims of the '797 patent," and of "offering for sale and selling or licensing digital rights using the patented methods and software and systems covered under the claims of the '797 patent." See id. ¶¶ 4, 24.[4] Plaintiff alleges that Apple uses DRM, "as taught and protected" by the '797 patent, in its iTunes store, its iTunes software (music player software), and in its distribution of iTunes software digital content. Id. ¶ 13. Plaintiff also alleges that Apple infringes the '797 patent by "manufacturing or causing to be manufactured, distributing, using, selling and licensing software products which infringe the software product claims of the '797 patent, by using the invention claimed under the '797 patent, by manufacturing or causing to be manufactured, distributing, using, selling and licensing software which infringes the method claims of the '797 patent and by inducing others to infringe through use of Apple software and through implementation of Apple's digital rights management." Id. ¶ 24.

In July 2007, the Defendants in Tse I filed a request for *ex parte* reexamination of

---

[3] This action was originally filed in federal district court in Maryland. See Dkt. 29. In October 2006, it was transferred to the Northern District of California. Id.

[4] According to Plaintiff,

> [T]he method, system, software and device patented by [him] utilizes a unique idea for the reduction of unauthorized distribution. Each authorized user must register with the distributor of the software in order to establish an account for purchase of digital files. Each purchased digital file is encoded so as to be associated with a particular registered user. The file can be used if it is associated with the account name and password of the registered user. Registered users are discouraged from sharing account name and password information with others because the account name and password would allow others to purchase additional digital files at the expense of the registered user. General unauthorized distribution of digital files is thereby substantially reduced.

Tse I Compl. ¶ 10.

the '797 patent with the United States Patent and Trademark Office ("PTO"). See Tse I, Dkt. 97. On October 4, 2007, the Court granted Defendants' motion to stay pending the reexamination. Id. On October 24, 2007, the parties notified the Court that the PTO granted Defendants' request for *ex parte* reexamination of the '797 patent. Dkt. 98. To date, the stay has not been lifted.

On October 17, 2012, Apple filed a motion to consolidate the instant action (i.e., Tse II) and Tse I and to stay the proceedings in Tse II. Dkt. 76. On October 23, 2012, Plaintiff filed an opposition. Dkt. 78. A reply was filed on November 6, 2012. Dkt. 81.

## II.    DISCUSSION

### A.    Motion to Consolidate

Apple moves to consolidate Tse II and the related Tse I pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure on the grounds that both cases involve the '797 patent, the same Plaintiff, one of the same Defendants (i.e., Apple), and the same accused technology (i.e., DRM). Def.'s Mtn. at 2.

If actions before the court involve a common question of law or fact, the court may consolidate the actions. Fed.R.Civ.P. 42(a)(2). A court has broad discretion in determining whether to consolidate actions pending in the same district. See Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In determining whether or not to consolidate cases, the court should "weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." Zhu v. UCBH Holdings, Inc., 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010). While a district court does have broad discretion in determining whether consolidation is appropriate, typically, consolidation is favored. In re Oreck Corp. Halo Vacuum and Air Purifiers Marketing and Sales, 282 F.R.D. 486, 490 (C.D. Cal. 2012).

Having reviewed the complaints filed in Tse II and Tse I, the Court concludes that consolidation is appropriate in light of the substantial similarity between the actions. Plaintiff initiated both actions, which both involve Defendant and allege infringement of one patent - the '797 patent. As such, both actions will require the Court to determine

-5-

whether the '797 patent is valid and enforceable and whether Defendant has infringed upon Plaintiff's rights under the patent. Furthermore, Defendant's DRM technology is being accused of infringement in both actions, which will require the Court and jury to understand the same technology and how it relates to the '797 patent. Thus, both actions share common questions of law and fact. Accordingly, the Court finds that resolving these questions in one consolidated action will conserve the parties' resources, promote efficiency, and serve the interest of judicial economy. Though Plaintiff contends that consolidation is not warranted because Tse II and Tse I are directed at "different services [i.e., iTunes in Tse I and the App Store in Tse II] and products of Apple," Plaintiff concedes that both actions are related to DRM technology. Plaintiff does not dispute that he is accusing the same DRM technology of infringement in both cases. Nor does he dispute Apple's contention that there is a "substantial overlap of factual and legal issues in the two related cases," and that "the risk of duplicative labor and expenses and of conflicting results would be high absent consolidation."

To the extent Plaintiff contends that consolidation is improper because it will require compliance with two sets of Patent Local Rules, Pl.'s Opp. at 8-9, the Court disagrees. Plaintiff has failed to demonstrate that consolidation is inappropriate on this basis. Plaintiff, for instance, has not shown how he will be prejudiced by consolidation. Instead, Plaintiff asserts, without elaboration, that because the two sets of rules are different, consolidation will "impose an unnecessary burden on [him] in developing his Infringement Contentions in Tse II, and so on. . . ." Pl.'s Opp. at 9. Absent further explanation, it is unclear how consolidation will impose an "unnecessary" burden on Plaintiff in developing his infringement contentions in Tse II. Moreover, because consolidation will combine the two actions into one, the parties will only be required to follow one set of Patent Local Rules. Should consolidation impose an undue burden on Plaintiff, the Court may modify the obligations or deadlines set forth in the Patent Local Rules upon a showing of good cause. See Patent L.R. 1-3.

Finally, to the extent Plaintiff contends that consolidation is improper because the

discovery plan agreed to in <u>Tse I</u> is "not enough," Pl.'s Opp. at 9, Plaintiff has failed to demonstrate that consolidation is inappropriate on this basis.  Other than his conclusory assertion that he "needs extra discovery" in <u>Tse II</u> to seek "information related to th[e] accused infringing instrumentalities in <u>Tse II</u>," Plaintiff offers no elaboration or analysis explaining why consolidation should be denied on this ground.  Plaintiff does not specifically identify the discovery he seeks to take in <u>Tse II</u> or explain why consolidation will prevent him from doing so.  Upon the lifting of the stay in <u>Tse I</u>, the Court will schedule a case management conference.  At that conference, the parties and the Court can discuss any discovery issues.

In sum, because <u>Tse II</u> and the related <u>Tse I</u> involve common questions of law and fact, Apple's motion to consolidate is GRANTED.  The Court finds that consolidation will serve the interests of efficiency and judicial economy and will conserve the parties' resources.  Accordingly, pursuant to Rule 42(a)(2), <u>Tse v. Apple, Inc., et al.</u>, C 12-02653-SBA and <u>Tse v. Apple, Inc., et al.</u>, C 06-06573-SBA shall be consolidated for all purposes into one action.

**B.     Motion to Stay**

Apple requests that the Court stay <u>Tse II</u> because <u>Tse I</u> is currently stayed pending reexamination of the '797 patent.  Def.'s Mtn. at 4.  In light of the Court's ruling on the motion to consolidate, Defendant's motion to stay is MOOT.  The instant action has been consolidated with <u>Tse I</u>, which is currently stayed pending reexamination of the '797 patent.

**III.   CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1.      Defendant's motion to consolidate is GRANTED.  <u>Tse v. Apple, Inc., et al.</u>, C 12-02653-SBA and <u>Tse v. Apple, Inc., et al.</u>, C 06-06573-SBA shall be consolidated for all purposes into one action.  The first-filed consolidated case, <u>Tse I</u>, shall be the lead case.  All future filings shall be filed under the caption and case number <u>Tse v. Apple, Inc., et al.</u>, C 06-06573-SBA.  Plaintiff shall file a consolidated complaint within thirty (30) days from the date this Order is filed.  Apple, and the other Defendants in <u>Tse I</u>, shall file a response

in accordance with Rule 12 of the Federal Rules of Civil Procedure within thirty (30) days from the date the stay is lifted.

     2.     This Order terminates Docket 76.

     3.     The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated:    2 - 1 —13

                            SAUNDRA BROWN ARMSTRONG
                            United States District Judge