UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HO KEUNG TSE,<br><br>    Plaintiff,<br><br>  vs.<br><br>APPLE, INC., et al.,<br><br>    Defendants. | Case No: C 06-06573 SBA<br><br>**ORDER**<br><br>Docket 183, 194, 195 |

    On August 5, 2005, Plaintiff Ho Keung Tse ("Plaintiff") commenced the instant patent infringement action against various Defendants alleging infringement of U.S. Patent No. 6,665,797 ("the '797 patent" or "patent-in-suit"). On October 4, 2007, the Court issued an order staying this case pending reexamination of the patent-in-suit. Dkt. 97. The parties are presently before the Court on Plaintiff's motion to lift the stay, and Plaintiff's motion for leave to amend preliminary infringement contentions. Dkt. 183, 194. Defendants Apple, Inc., MusicMatch Inc., Napster, Inc., Realnetworks, Inc., and Sony Network Entertainment International, LLC (collectively, "Defendants") oppose the motions. Dkt. 185, 197. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Plaintiff's motion to lift the stay, and DENIES Plaintiff's motion for leave to amend preliminary infringement contentions, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); Civ. L.R. 7-1(b).

**I.    DISCUSSION**

    Plaintiff moves to lift the stay because the United States Patent and Trademark Office ("PTO") has issued a Reexamination Certificate for the '797 patent. Dkt. 183. Defendants oppose the motion on the ground that the Reexamination Certificate contains

obvious errors with respect to claims asserted by Plaintiff in this action. Dkt. 185. Specifically, Defendants contend that the Reexamination Certificate is inconsistent with the Board of Patent Appeals and Interferences ("BPAI")[1] decision, and that the errors in the Reexamination Certificate create uncertainty in this case. Id. While Defendants acknowledge that the PTO corrected claims 1 and 3 of the patent-in-suit following Plaintiff's request to correct claim 1, Dkt. 200, 201, they argue that the PTO has yet to correct independent claim 23. Dkt. 202. Defendants contend that because Plaintiff is attempting to assert claim 23 in the instant action, the stay should not be lifted until claim 23 is corrected by the PTO. Id.; see also Dkt. 185. According to Defendants, because the Reexamination Certificate is clearly incorrect in light of the prosecution history of the patent-in-suit, lifting the stay before the PTO corrects claim 23 would result in unnecessary costs and inefficiencies. Id. Plaintiff, for his part, has failed to specifically address Defendants' contention that the language of claim 23 in the Reexamination Certificate is inconsistent with the BPAI's decision. Dkt. 188. Instead, Plaintiff simply states, without elaboration, that the Reexamination Certificate is correct with respect to claim 23.[2] Id.

A district court has discretion to lift a stay of litigation. See Canady v. Erbe Elektromedizin GMBH, 271 F.Supp.2d 64, 74 (D.D.C. 2002) ("The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay."). A court may lift the stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate. Id. ("When circumstances have changed such that the Court's reasons for imposing the stay no longer exists or are inappropriate, the court may lift the

---

[1] Under the Leahy-Smith America Invents Act, the BPAI was renamed the Patent Trial and Appeal Board. See Pub. L. No. 112–29, 125 Stat. 284 (2011).

[2] The Court notes that Plaintiff does not dispute Defendants' contention that the language of claim 23 in the Reexamination Certificate is not the same as his version of claim 23 recited in the appendix to his appeal filed with the BPAI. Compare Ho Decl., Exh. C with Ho Decl., Exh. E, Dkt. 186. Nor does Plaintiff dispute that the language of claim 23 in the Reexamination Certificate is not the same as the language in his proposed amended infringement contentions for claim 23. Compare Ho Decl., Exh. E with Ho Decl., Exh. F.

stay."). In granting Defendants' request to stay the instant action pending reexamination of the patent-in-suit, the Court considered: (1) whether discovery was complete and whether a trial date had been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. See Tse v. Apple Inc., et al., 2007 WL 2904279, at *2 (N.D. Cal. 2007).

Here, the BPAI determined that the decision of the patent examiner to reject claim 23 was error. See Dkt. 184-1, Exh. A. However, the Reexamination Certificate issued by the PTO is not consistent with Plaintiff's version of claim 23 as recited in the appendix of his appeal filed with the BPAI. Specifically, the Reexamination Certificate does not include the following language contained in Plaintiff's version of claim 23: "and said software desired to be protected is being made available to said rightful user(s) in the form of protected file(s)." Compare Ho Decl., Exh. C with Ho Decl., Exh. E. Given this discrepancy, the Reexamination Certificate may be incorrect. Because the difference between the two versions of claim 23 is substantive rather than merely typographical, the Court concludes that lifting the stay is not warranted at this juncture. The reasons supporting the imposition of the stay still exist. Continuing the stay until the PTO clarifies the scope of claim 23 will simplify the issues in question and trial of this case. Further, Plaintiff has not shown that continuing the stay pending a request for a Certificate of Correction[3] from the PTO will result in prejudice or present a clear tactical disadvantage to him. Indeed, the delay caused by a request for a Certificate of Correction is likely to be of

---

[3] A patentee may request the correction of a mistake in a patent pursuant to 35 U.S.C. § 254. If a mistake in a patent is clearly disclosed by the records of the PTO, "the Director may issue a certificate of correction stating the fact and nature of such mistake . . . to be recorded in the records of patents." Id. "[S]uch certificate shall be considered as part of the original patent. Every such patent, together with such certificate, shall have the same effect and operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form." Id.

short duration.[4]  Accordingly, Plaintiff's motion to lift the stay is DENIED.[5]

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to lift the stay is DENIED.

2. Plaintiff's motion for leave to amend preliminary infringement contentions is DENIED without prejudice.  Upon the lifting of the stay, Plaintiff may refile this motion.

3. This Order terminates Docket 183, 194, and 195.

IT IS SO ORDERED.

Dated: 9/19/2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[4] "Where the correction requested was incurred through the fault of the [PTO], and the matter is clearly disclosed in the records of the [PTO], and is accompanied by documentation that unequivocally supports the patentee's assertion(s), a Certificate of Correction will be expeditiously issued." See Manual of Patent Examining Procedure ("M.P.E.P.") § 1480.01.

[5] In light of the denial of Plaintiff's motion to lift the stay, Plaintiff's motion for leave to amend preliminary infringement contentions is DENIED as premature.