UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HO KEUNG TSE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>APPLE, INC., et al.,<br><br>　　　　Defendants. | Case No: C 06-6573 SBA<br><br>**DISMISSAL ORDER** |

Plaintiff Ho Keung Tse ("Plaintiff") brings the instant patent infringement action against various Defendants alleging infringement of U.S. Patent No. 6,665,797 ("the '797 patent"). The parties are presently before the Court on Defendants' request to dismiss this action with prejudice under the doctrine of collateral estoppel. Plaintiff opposes the request. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' request, for the reasons stated below.

**I.    BACKGROUND**

On December 11, 2013, District Judge Susan Illston issued an Order ("Summary Judgment Order") finding that claims 1-5, 13, 16, 17, 20, and 23-26 of the '797 patent are invalid for lack of written description under 35 U.S.C. § 112. See Ho Keung Tse v. Google, Inc., 2013 WL 6502478, at *6 (N.D. Cal. 2013). On July 16, 2014, the Federal Circuit affirmed Judge Illston's Summary Judgment Order. Dkt. 234-2. On July 28, 2014, this Court issued an Order to Show Cause ("OSC"), directing the parties to show cause in

writing why this case should or should not be dismissed on the ground that the claims of the '797 patent at issue in this case are invalid.  Dkt. 231.

On August 4, 2014, the parties responded to the Court's OSC.  Dkt. 232, 233, 235.  In their response, Defendants requested the Court dismiss the instant action with prejudice under the doctrine of collateral estoppel because the claims of the '797 patent at issue in this case are the same claims found to be invalid in the Google litigation.  Dkt. 233.  For his part, Plaintiff did not dispute that the claims of the '797 patent at issue in this action have been declared invalid.  Dkt. 235.  However, Plaintiff argued that dismissal was inappropriate because he intended to file a " 'Combined Petition For Panel Rehearing And Petition For Rehearing En Banc' with the Federal Court very soon."  Id.  In light of Plaintiff's representation, the Court did not dismiss the instant action.  Dkt. 236.  Instead, the Court ordered the parties to submit a memorandum upon the completion of the appeals process in the Google litigation addressing why this case should or should not be dismissed.  Id.  Alternatively, the Court stated that the parties may file a stipulation requesting the instant action be dismissed with prejudice.  Id.

On March 4, 2015, Defendants filed a memorandum advising the Court that the appeals process in the Google litigation is complete.  Dkt. 239.  Defendants submitted evidence showing that the Federal Circuit denied Plaintiff's petition for panel rehearing and petition for rehearing en banc on September 15, 2014, and that the Supreme Court denied Plaintiff's petition for certiorari on February 23, 2015.  Id.  In light of these developments, Defendants request the Court dismiss the instant action with prejudice under the doctrine of collateral estoppel.  Id.  In response, Plaintiff argues that dismissal is inappropriate because Judge Illston's Summary Judgment Order and the Federal Circuit's orders are "void."  Dkt. 240.  Although not entirely clear, Plaintiff appears to contend that the Summary Judgment Order is "void" for lack of due process because Judge Illston failed to take a "look" at the

claims in prior patent applications[1] in determining that claims 1-5, 13, 16, 17, 20, and 23-26 of the '797 patent are invalid for lack of written description under 35 U.S.C. § 112.  In addition, Plaintiff argues that the orders issued by the Federal Circuit are "void" for lack of due process because the Federal Circuit affirmed Judge Illston's Summary Judgment Order "with no opinion," and then denied his petition for panel rehearing and petition for rehearing en banc "with no opinion."

## II.  DISCUSSION

A defendant in a patent infringement action may assert the collateral estoppel effect of a prior judgment of the patent's invalidity.  Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 350 (1971).  Collateral estoppel may be asserted even when the prior determination of invalidity is based on a motion for summary judgment rather than a "full-fledged trial."  Stevenson v. Sears, Roebuck & Co., 713 F.2d 705, 712 (Fed. Cir. 1983).  A court must treat the prior determination of invalidity as an estoppel unless the patentee demonstrates that it was denied a full and fair opportunity to litigate the validity of the patent in the prior action.  Mississippi Chemical Corp. v. Swift Agricultural Chemicals Corp., 717 F.2d 1374, 1379 (Fed. Cir. 1983); see also Stevenson, 713 F.2d at 709 ("The proper inquiry for the court is whether the patentee had a full and fair opportunity to litigate the validity of his patent in the prior unsuccessful suit.").  In considering whether the doctrine of collateral estoppel applies, the court may not inquire as to whether the prior judgment of invalidity is correct.  Pharmacia & Upjohn Co. v. Mylan Pharms., Inc., 170 F.3d 1373, 1380 (Fed. Cir. 1999).

The Court finds that the doctrine of collateral estoppel applies.  Plaintiff has failed to demonstrate that he was denied a full and fair opportunity to litigate the validity of the '797

---

[1] Plaintiff filed Patent Application No. 08/587,448 ("parent application") on December 1, 1995.  Tse, 2013 WL 6502478, at *1.  Plaintiff subsequently filed Patent Application No. 09/112,276 ("CIP application") on July 9, 1998, claiming priority as a continuation-in-part to the parent application.  Id.  Plaintiff eventually discontinued his prosecution of the parent application.  Id.  However, on December 16, 2003, the '797 patent issued based on the CIP application.  Id.  According to Plaintiff, Judge Illston granted summary judgment in the Google litigation without reviewing the claims of the parent application or the CIP application.

patent in the Google litigation.  Indeed, a review of the record in that case reveals that Plaintiff had ample opportunity to litigate this issue in both the district court and on appeal.[2] Judge Illston issued a reasoned and detailed order granting summary judgment in favor of the defendants in the Google litigation, which was affirmed on appeal by the Federal Circuit.  Plaintiff offers no authority or analysis supporting the conclusion that he was denied a full and fair opportunity to litigate the validity of the '797 patent.[3]  Accordingly, because it is undisputed that the claims of the '797 patent at issue in this action are the same claims that were declared invalid in the Google litigation, the Court finds that dismissal of this action with prejudice is warranted under the doctrine of collateral estoppel.

### III.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendants' request to dismiss this action with prejudice is GRANTED.

2. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: April 9, 2015

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] The Court notes that, contrary to Plaintiff's contention, Judge Illston did consider the parent application and the CIP application in granting summary judgment in the Google litigation.  See Tse, 2013 WL 6502478, at *3-5.

[3] Plaintiff asserts that Judge Illston "adopted an extraordinary construction of the 'No Charge' limitations" of the '797 patent and failed to provide "any opinion in support of th[is] construction."  Although unclear, Plaintiff appears to challenge the merits of the judgment in the Google litigation.  However, the relevant inquiry is whether Plaintiff had a full and fair opportunity to litigate the validity of the '797 patent in the Google litigation, not whether the judgment of invalidity is correct.  Pharmacia, 170 F.3d at 1380.